UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**PRAMAC RACING LTD.**, a United Kingdom
limited company,

    Plaintiff,

v.                                  CASE NO._____

**CRAFT 1861, LLC**, a New Mexico limited
liability company,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Pramac Racing Ltd. and states this Complaint against Defendant Craft 1861, LLC.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Pramac Racing Ltd. ("Pramac") is a United Kingdom limited company. Pramac was established under the laws of England, and it maintains its principal place of business in the United Kingdom.

2. Defendant Craft 1861, LLC ("Craft 1861"), is a New Mexico limited liability company with its principal place of business in Bernalillo County, New Mexico.

3. Upon information and belief, the single member of Craft 1861, Robert Aranda, is an individual domiciled in Bernalillo County, New Mexico.

4. The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(2), because (a) the case is between a citizen of a state, on the one hand, and a citizen

of a foreign state, on the other hand; and (b) the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this Court, under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this judicial district.

## GENERAL ALLEGATIONS

### Category Rights Partner Agreement

6. Pramac owns a motorcycle racing team that competes in international road racing events. Pramac's team competes in the MotoGP, which is the top division of Grand Prix motorcycle racing.

7. Craft 1861 operates a business specializing in the design and sale of cannabidiol (CBD) technology and products.

8. On January 21, 2022, Pramac and Craft 1861 entered into a Category Rights Partner Agreement ("Partner Agreement"). A true and correct copy of the Partner Agreement is attached hereto as Exhibit A.

9. The Partner Agreement created a sponsorship arrangement between Pramac and Craft 1861.

10. Pramac agreed, *inter alia*, to designate Craft 1861 as its "Official CBD Partner and Official Wellness Partner"; to advertise Craft 1861's name on the Pramac team's racing suits and helmets; and to promote Craft 1861 on social media.

11. In exchange for Pramac's obligations under the Partner Agreement, Craft 1861 agreed to pay Pramac (a) €400,000.00 (four hundred thousand Euro), plus any applicable value-added tax, for the 2022 MotoGP season; (b) €600,000.00 (six hundred thousand Euro), plus any

applicable value-added tax, for the 2023 MotoGP season; (c) €700,000.00 (seven hundred thousand Euro), plus any applicable value-added tax, for the 2024 MotoGP season; (d) €800,000.00 (eight hundred thousand Euro), plus any applicable value-added tax, for the 2025 MotoGP season; and (e) €900,000.00 (nine hundred thousand Euro), plus any applicable value-added tax, for the 2026 MotoGP season.

### Craft 1861's Failure to Perform under Partner Agreement

12. Immediately upon the parties' entry into the Partner Agreement, Pramac began fully performing its contractual duties, including by publicly announcing Craft 1861's designation as Pramac's partner and placing Craft 1861's name on the Pramac team's racing suits.

13. At or around the time the parties entered into the Partner Agreement, Craft 1861 paid Pramac half of the amount payable under the Partner Agreement for the 2022 MotoGP season—i.e., €200,000 of the €400,000 payable for 2022.

14. The remaining €200,000 owed for 2022 was due on April 30, 2022.

15. Craft 1861 has never paid Pramac the remaining amount owed for 2022.

16. The Partnership Agreement required Craft 1861 to make three payments of €200,000, for a total of €600,000, for the 2023 MotoGP season. The first of these payments was due on January 31, 2023; the second of these payments was due on March 31, 2023; and the third of these payments was due on May 31, 2023.

17. Craft 1861 has never paid Pramac any of the amounts owed for 2023.

18. As of the date this Complaint is being filed, Craft 1861 owes Pramac the principal amount of €800,000 (€200,000 for 2022 and €600,000).

19. Pramac has repeatedly made demands upon Craft 1861 for payment of all amounts owed. Craft 1861 has failed to comply with these demands.

20. Craft 1861 has never disputed its obligation to pay Pramac under the Partner Agreement. On the contrary, in an email of February 20, 2023, Craft 1861's principal (Robert Aranda) expressly acknowledged the company's payment obligations, but claimed that payment had been delayed due to "unforeseen Financial Compliance hurdles." Mr. Aranda further acknowledged that even if Pramac suspended Craft 1861's sponsorship rights due to payment defaults, Craft 1861 would remain obligated to pay for the rights during the period of suspension.

21. Craft 1861 has failed to respond to communications from Pramac and its attorneys since approximately May 2023.

**COUNT 1:   DAMAGES FOR BREACH OF CONTRACT**

22. Pramac restates and incorporates herein the allegations contained in Paragraphs 1 through 21 above.

23. The Partner Agreement constitutes an enforceable contract between Pramac and Craft 1861.

24. Pramac has performed all of its obligations under the Partner Agreement (although it validly suspended its performance of certain elements of its obligations in August 2023, in view of Craft 1861's continuing default).

25. Under the Partner Agreement, Craft 1861 was required to pay Pramac consideration of P400,000 for 2022 and €600,000 for 2023.

26. Craft 1861 has breached the Partner Agreement, by paying only €200,000 for 2022 and nothing for 2023.

27. Pramac is entitled to direct damages for breach of contract, in the amount of €800,000, plus additional amounts as may be determined at the trial of this matter.

28. Pramac is entitled to consequential damages it has suffered as a result of Craft 1861's breach of contract.

29. Pramac is entitled to interest as may be available under the law.

**COUNT 2:    DECLARATORY JUDGMENT**

30. Pramac restates and incorporates herein the allegations contained in Paragraphs 1 through 29 above.

31. Section 6.1 of the Partner Agreement permits Pramac to terminate the Partner Agreement if Craft 1861 commits a default which remains uncured for 30 days.

32. Pramac wishes to terminate the Partner Agreement in view of Craft 1861's default.

33. Craft 1861 has failed to communicate with Pramac about the Partner Agreement for months. Pramac has been unable to ascertain whether Craft 1861 would dispute Pramac's right to terminate the Partner Agreement, but it assumes Craft 1861 may dispute this request.

34. Pramac is entitled to a determination that it may terminate the Partner Agreement, due to Craft 1861's breach of contract.

**COUNT 3:    ATTORNEYS' FEES**

35. Pramac restates and incorporates herein the allegations contained in Paragraphs 1 through 34 above.

36. The Partner Agreement provides that the Agreement will be governed by the laws of England.

37. Under the "English Rule" of lawyers' fees, the party that prevails in a lawsuit is entitled to payments of its lawyers' fees.

38. Therefore, to the extent Pramac succeeds on its claims asserted herein, it is entitled to an award of its lawyers' fees.

**PRAYER FOR RELIEF**

WHEREFORE Pramac requests judgment against Craft 1861 for: (1) monetary damages in an amount to be proven at trial; (2) declaratory relief (3) Pramac's reasonable attorneys' fees; (4) interest available under the law; and (5) such other and further relief as the Court deems appropriate.

Respectfully submitted,

RMH Lawyers, PA

By: /s/ *Elizabeth A Heaphy*
Elizabeth A. Heaphy
Sun Valley Commercial Center
316 Osuna Rd., NE, Unit 201
Albuquerque, NM  87107
(505) 247-8860
eah@rmhlawyers.com
*Attorneys for Plaintiff*